IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN RUCKMAN,<br><br>        Plaintiff,<br><br>v.<br><br>C/O LAKAS, et al,<br><br>        Defendants. | ) Civil Action No. 2: 17-cv-0384<br>)<br>)<br>) Chief United States Magistrate Judge<br>) Cynthia Reed Eddy<br>)<br>) |

**MEMORANDUM OPINION**[1]

Presently before the Court is Defendants' Motion for Summary Judgment, with brief in support. (ECF Nos. 73 and 74).

Plaintiff's response to the motion for summary judgment was due by December 6, 2018. (ECF Nos. 70, 77). To date, Plaintiff has not responded to the motion, and the time for responding has now passed. Therefore, in the absence of any timely response by Plaintiff, the Court will deem the motion for summary judgment to be ripe for resolution. For the reasons set forth below, the motion for summary judgment will be granted.

Background

At the time Plaintiff, John Ruckman ("Plaintiff" or "Ruckman") initiated this lawsuit, he was a state prisoner in the custody of the Pennsylvania Department of Corrections ("DOC") and housed at SCI-Greene. The events giving rise to this lawsuit occurred from May - August of 2016, while Ruckman was a pretrial detainee incarcerated at the Beaver County Jail awaiting trial.

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties have voluntarily consented to have a United States Magistrate Judge conduct proceedings in this case, including trial and the entry of a final judgment. *See* ECF Nos. 23 and 25.

In his Second Amended Complaint, Plaintiff details a series of alleged ongoing acts of misconduct by the defendant correctional officers, which conduct seems to have commenced after Plaintiff filed grievances against C/O Hunter and C/O Simpson, neither of whom are named defendants in this lawsuit. Plaintiff alleges that the Defendants retaliated against him by harassing and threatening him, searching his cell, subjecting him to strip searches, misappropriating his property, and not permitting him to attend his disciplinary hearing. He also alleges that Defendant Lakas "tampered" with his food. Plaintiff further alleges that Defendants' retaliation culminated in an incident in which he alleges that the defendant correctional officers punches him, tasered him multiple times, and then ignored his pleas for medical care. Through his Second Amended Complaint, Plaintiff also alleges that the Warden and Deputy Warden were aware of the ongoing retaliation and failed to remedy the situation.

Following the close of discovery, Defendants now move for summary judgment as to all claims arguing that, *inter alia*, Plaintiff has failed to exhaust his administrative remedies.

Defendants have filed in support of their motion the relevant excerpts from the Transcript of the deposition of Plaintiff taken on April 11, 2018; relevant portions of the Beaver County Jail Inmate Handbook; Beaver County Corrections Classification Notice which indicates that Plaintiff received the Inmate Handbook on May 13, 2016; various documents relating to the 6/22/16 incident; the Beaver County Jail RHU Policy; documents relating to the 6/26/16 incident; Grievance dated 6/27/16; Grievance dated 6/29/16; a video of the 6/30/16 incident; the Beaver County Jail Restraint Chair Policy; Plaintiff's medical records; and various request slip/long forms submitted by Plaintiff (ECF No. 76-1, 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12), together with a Concise Statement of Material Facts ("Defendants' Concise Statement"). (ECF No. 75).

In response, and despite this Court's express directions (ECF Nos. 70 and 77), Plaintiff has elected to file nothing. More particularly, in the Case Management Order issued January 8, 2018 (ECF No. 38), Plaintiff was advised that in opposing a summary judgment motion, he must comply with Local Rule 56.C by filing a brief in response, concise counter statement of facts, and any appendix. The parties were further advised that pursuant to Local Rule 56.E, "alleged material facts set forth in the moving party's Concise Statement of Material Facts or in the opposing party's Responsive Concise Statement, which are claimed to be undisputed, will for the purpose of deciding the motion for summary judgment be deemed admitted unless specifically denied or otherwise controverted by a separate concise statement the opposing party." (*Id*.). And finally, the Order expressly cautioned "that should any non-moving party fail to comply with this Order, the motion for summary judgment will be decided without the benefit of the non-movant's response." (*Id*.)

No Response to Defendants' Motion for Summary Judgment, Concise Statement, or other responsive pleading or controverting evidence has been filed. Plaintiff has, therefore, adduced no evidence in support of his claims, and the facts set forth in Defendants' Motion papers and Concise Statement are accepted as true, in accordance with the procedural rules.

## Standard of Review

The standard for assessing a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure is well-settled. A court should grant summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary

judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). Furthermore, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 250.

On a motion for summary judgment, the facts and the inferences to be drawn therefrom should be viewed in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587(1986) (quoting *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)). The moving party has the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. The party opposing the motion, however, cannot rely merely upon bare assertions, conclusory allegations, or suspicions to support its claim. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita,* 475 U.S. at 586, and must produce more than a "mere scintilla" of evidence to demonstrate a genuine issue of material fact. *See Big Apple BMW, Inc. v. BMW of North America, Inc.,* 974 F.2d 1358, 1363 (3d Cir. 1992).

This standard is somewhat relaxed with respect to *pro se* litigants. Where a party is representing himself *pro se,* the complaint is to be construed liberally. A *pro se* plaintiff may not, however, rely solely on his complaint to defeat a summary judgment motion. *See, e.g., Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256 (1986) ("Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial."). Allegations made without any evidentiary support may be disregarded. *Jones v. UPS,* 214 F.3d 402, 407 (3d Cir. 2000); *see also Schoch v. First Fid. Bancorporation,* 912 F.2d 654, 657 (3d Cir. 1990) ("[U]nsupported allegations . . . and pleadings are insufficient to repel summary judgment.").

In order to survive a motion for summary judgment on a § 1983 claim, a plaintiff must adduce evidence that the defendants acted under color of state law, a fact not in dispute *sub judice,* and that the plaintiff was deprived of a federal constitutional right.

When a motion for summary judgment is unopposed, the Court must still assess whether the moving party has met its burden of demonstrating that it is entitled to judgment as a matter of law. It is appropriate to grant the defendant's motion for summary judgment where (a) the *pro se* plaintiff has received adequate notice that failure to file any opposition may result in a judgment against him, and (b) the facts as to which there is no genuine dispute show that the moving party is entitled to judgment as a matter of law. *See, e.g., Champion v. Artuz,* 76 F.3d 483, 486 (2d Cir. 1996) (quoting Fed.R.Civ.P. 56).

Discussion

1. <u>Exhaustion under the Prisoner Litigation Reform Act</u>

The Prison Litigation Reform Act of 1995 (the "PLRA"), 42 U.S.C. § 1997e(a), prohibits an inmate from bringing a civil rights action 42 U.S.C. § 1982 alleging acts of unconstitutional conduct by prison officials "until such administrative remedies as are available." 42 U.S.C. § 1997e(a). The exhaustion requirement applies to all prisoner suits regarding prison life, including those that involve general circumstances as well as particular episodes. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The exhaustion requirement is not a technicality, rather it is a federal law which federal district courts are required to follow. *Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir. 2000). Whether a prisoner has exhausted administrative remedies is a question of law that is to be determined by the court, even if that determination requires the resolution of disputed facts. *See Paladino v. Newson*, 885 F.3d 203, 210 (3d Cir. 2018) (citing *Small v. Camden County*, 728 F.3d 265, 268 (3d Cir. 2013)); *see also Drippe v. Tobelinski,* 604 F.3d 778, 781 (3d Cir. 2010).

Because "prison grievance procedures supply the yardstick for measuring procedural default, Spruill v. Gillis, 372 F.3d 218, 231 (3d Cir. 2004), prisoners who fail to fully complete the prison grievance process are barred from subsequently litigating those claims in federal courts. *See e.g., Booth v. Churner*, 206 F.3d 289 (3d Cir. 2000). Moreover, courts do not have discretion to decide whether exhaustion should be excused. *Ross v. Blake,* -- U.S. --, 136 S.Ct. 1850, 1858 (2016).

The Beaver County Jail has a formal complaints (grievances) process which provides for a three-step process and the prisoner must follow each of the steps to properly exhaust his administrative remedies under the PLRA. The three steps are: (1) the initial review by a staff member; (2) appeal to either the Shift Supervisor or the Deputy Warden; and (3) final appeal to the Warden. *See* Butler County Jail Inmate Handbook (ECF No. 76-2 at 4).

2.  <u>Plaintiff Has Not Exhausted His Administrative Remedies</u>

Plaintiff testified during his deposition that he filed "multiple grievances. Dozens" while he was at the Beaver County Jail. However, the summary judgment record that Plaintiff filed only two grievances while at the Beaver County Jail: (1) On June 27, 2016, he filed a grievance claiming that he did not receive his property upon entering the RHU on June 26, 2016. (ECF No. 76-7) and (2) on June 29, 2016, he filed a grievance complaining about language used by Correctional Officer Sampson, who is not a party in this case. (ECF No. 76-8). Both of the grievances were responded to the following day. Plaintiff did not appeal the grievances as required by the jail policy.

The summary judgment record makes clear that neither of these grievances is related to the claims in this suit.[2] The summary judgment record also makes clear that Plaintiff did not file

---

[2] The grievance dated June 27, 2016, alleges the misappropriation of Plaintiff's property

6

any grievances relating to any of the allegations in his Second Amended Complaint; namely, retaliation, food tampering, cell searches, strip searches, medical care, excessive force, his disciplinary hearing, harassment or threats.

Plaintiff has elected to present no evidence in response to Defendants' filings. Accordingly, no issue of material fact exists regarding whether Plaintiff filed any grievance or appeal regarding the allegations in his Second Amended Complaint.

Therefore, because the undisputed summary judgment evidence demonstrates that Ruckman failed to exhaust his administrative remedies, Defendants are entitled to summary judgment on all of Plaintiff's claims.

**III. Conclusion**

For all these reasons, Defendants' Motion for Summary Judgment will be granted as Plaintiff failed to exhaust his administrative remedies. [3]

An appropriate Order follows.

                                                  s/Cynthia Reed Eddy
                                                  Cynthia Reed Eddy
                                                  Chief United States Magistrate Judge

Dated: January 16, 2019

---

upon entering the RHU on June 26, 2016. The missing property in this case appears to stem from items taken from his cell at a later date, not upon his arrival in the RHU. No grievance was filed relating to items taken from his cell after June 26, 2016.

[3] Because the Court has determined that Plaintiff has failed to exhaust his administrative remedies, there is no need to address Defendants' arguments challenging the merits of Plaintiff's claims.

cc:     JOHN RUCKMAN
        3139 Westborn St.
        Pittsburgh, PA 15212
        (via U.S. First Class Mail)

        All Counsel of Record
        (via ECF electronic notification)